## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ERIC ARTHUR BERG,

      Plaintiff,

    v.                                     No. CIV 09-0819 JH/WPL

NICK JONTE SPECIAL
AGENT, UNITED STATES SECRET
SERVICE,
UNITED STATES SECRET SERVICE,
ALBUQUERQUE POLICE DEPARTMENT,
VINCENT ALVARADO, ALBUQUERQUE
POLICE DEPARTMENT,
JOHN DOE & JANE DOE, SPECIAL
AGENT, UNITED STATES SECRET
SERVICE,

      Defendants.

## MEMORANDUM OPINION AND
## ORDER TO CURE DEFECTS

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ.

P. 12(b)(6), on Plaintiff's original and amended civil rights complaints (Docs. 1, 3) (together the

"complaint").  Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma

pauperis ("IFP").  The filing fee for this civil rights complaint is $350.00.  Plaintiff is required to

pay the full amount of the filing fee pursuant to § 1915(b)(1).  Based on the information about

Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment

pursuant to § 1915(b)(1).  The IFP motion will be granted, and for the reasons below, certain of

Plaintiff's claims will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under

§1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Jonte fraudulently entered a nonexistent warrant into the National Crime Information Computer ("NCIC"). The fraudulent warrant was then used for issuance of another warrant, apparently for Plaintiff's arrest. Plaintiff alleges that Defendant Alvarado was working with Defendant Jonte on the fraudulent warrant. He also names as Defendants the agencies that employed the individual Defendants. The complaint seeks damages.

No relief is available on Plaintiff's claims against Defendants United States Secret Service or Albuquerque Police Department. Plaintiff alleges only that these agencies "allowed" the entry of the warrants into the NCIC. This conclusory allegation fails to affirmatively link these Defendants to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint under § 1983 must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). "[T]o present a plausible right to relief . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*."

2

*Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted).  A civil rights action against an employer entity may not be based solely on a theory of respondeat superior liability for the actions of employees.  *See Florez v. Johnson*, 63 F. App'x 432, 436 (10th Cir. 2003) (citing *Ledbetter v. City of Topeka, Kansas*, 318 F.3d 1183, 1187 (10th Cir. 2003)).  Plaintiff's allegations against the agency Defendants contain no factual support, *see Iqbal*, 129 S. Ct. at 1949, and the Court will dismiss claims against these Defendants.

The amended complaint also refers to two Doe Defendants.  Plaintiff makes no additional allegations as to these Defendants, and thus no relief is available on the complaint against them.  *See Schroder v. Schlatter*, No. 98-1396, 1999 WL 166058, at *1-*2 (10th Cir. 1999) (affirming dismissal of Doe defendants because the complaint " 'fail[ed] to identify these defendants or the claims asserted against them in any other way.' ") (quoting district court's order) (citing *Northington*, 973 F.2d at 1521-22).  The Court will dismiss Plaintiff's claims against the Doe Defendants.

The complaint provides no information for service of process on Defendants Jonte and Alvarado.  Plaintiff will be allowed to provide the necessary information.  Failure to comply with this order may result in dismissal of claims against these Defendants.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 (Doc. 5) is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee; and the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants United States Secret Service and Albuquerque Police Department are DISMISSED with prejudice; claims against

3

Defendants John Doe and Jane Doe are DISMISSED without prejudice; and Defendants United States Secret Service, Albuquerque Police Department, John Doe, and Jane Doe are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that, within fourteen (14) days from entry of this order, Plaintiff is directed to file a response providing specific information for service of process on Defendants Jonte and Alvarado.

_____
UNITED STATES DISTRICT JUDGE